1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11   UNITEDHEALTH GROUP                    Case No.:  24-CV-2130 JLS (DTF)
     INCORPORATED, a Delaware
12   corporation,
                                           **ORDER GRANTING PLAINTIFF'S**
13                          Plaintiff,     **EX PARTE RENEWED MOTION**
                                           **FOR LEAVE TO SERVE**
14   v.                                    **DEFENDANTS VIA ALTERNATIVE**
                                           **MEANS**
15   ELAINE SELAN, an individual;
16   UNITEDHEALTH GROUP                    (ECF No. 11)
     INCORPORATED, a California nonprofit
17   corporation; and DOES 1-10, inclusive,

18                          Defendants.

19

20        Presently before the Court are Plaintiff UnitedHealth Group Incorporated's Ex Parte

21   Motion for Leave to Serve Defendants via Alternative Means ("Mot.," ECF No. 11) and

22   Memorandum and Points of Authorities in Support thereof ("Mem.," ECF No. 11-1).

23   Plaintiff seeks the Court's permission to accomplish service by publication as it has not

24   been able to successfully serve Defendants Elaine Selan and UnitedHealth Group

25   Incorporated of California ("Defendant UHG") (collectively, "Defendants").  Defendants

26   have not filed an objection to the Motion.  Having considered Plaintiff's Motion, the

27   evidence, and the law, the Court **GRANTS** Plaintiff's Motion.

28   / / /

**BACKGROUND**

Plaintiff UnitedHealth Group Incorporated alleges that Defendant Elaine Selan registered a nonprofit mutual benefit corporation, which she called UnitedHealth Group Incorporated of California, using Plaintiff's trade name and mark. *See* ECF No. 1 ("Compl.") ¶ 5. This "unauthorized corporate registration," Plaintiff alleges, "has already resulted in actual confusion."[1] *Id.* ¶ 4.

Plaintiff filed suit against Defendants on November 13, 2024, seeking injunctive relief and treble damages under the Lanham Act, amongst other remedies. *Id.* at Prayer for Relief. On February 11, 2025, Plaintiff's counsel Kenneth L. Wilton filed a declaration outlining Plaintiff's mired efforts to serve Defendants. *See* ECF No. 7. Yet Plaintiff did not formally request any relief, so on May 5, 2025, the Court ordered Plaintiff to show cause why the action should not be dismissed for failure to timely effect service. *See* ECF No. 8. Plaintiff then timely filed its first Motion to serve Defendants by publication on June 4, 2025, ECF No. 9, but the Court denied the request on several grounds, *see* ECF No. 10 ("Order"). Despite concluding that Plaintiff had exercised reasonable diligence in serving Selan, the Court found that Plaintiff's service attempts on Defendant UHG had not "been as numerous or varied," thus falling short of the "reasonable diligence" standard. *Id.* at 5. But even if Plaintiff had exercised reasonable diligence in serving Defendant UHG, the Court continued, Plaintiff's global request with respect to both Defendants was additionally flawed because Plaintiff had not demonstrated that a cause of action exists against Defendants as is required by California Civil Procedure Code Section 415.50(a)(1). *Id.* at 6. The Court, consequently, denied the Motion without prejudice to Plaintiff renewing its request within forty-five days. *Id.* at 7.

The instant Motion reflects Plaintiff's renewed request. This time, Plaintiff has met its burden to proceed with service by publication.

---

[1] As evidence of said confusion, Plaintiff alleges that Selan was served as Plaintiff's registered agent of service in an unrelated arbitration matter, nearly resulting in Plaintiff's default in that case. Compl. ¶ 35.

24-CV-2130 JLS (DTF)

1

**LEGAL STANDARD**

2      Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served

3  by "following state law for serving a summons in an action brought in courts of general

4  jurisdiction in the state where the district court is located or where service is made."

5  Additionally, Federal Rule of Civil Procedure 4(h)(1)(A) provides that a corporation may

6  be served "in the manner prescribed by Rule 4(e)(1) for serving an individual."

7      California law, in turn, provides that "[a] summons may be served by publication if

8  upon affidavit it appears to the satisfaction of the court in which the action is pending that

9  the party to be served cannot with reasonable diligence be served in another manner

10 specified in this article."   Cal. Civ. Proc. Code § 415.50(a).   To determine whether a

11 plaintiff has exercised "reasonable diligence," courts assess whether the plaintiff "took

12 those steps a reasonable person who truly desired to give notice would have taken under

13 the circumstances."  *Donel, Inc. v. Badalian*, 150 Cal. Rptr. 855, 859 (Ct. App. 1978).

14 Because of due process concerns, however, service by publication is only allowed "as a

15 last resort."  *Id.* at 858.

16     "Before allowing a plaintiff to resort to service by publication, the courts necessarily

17 require him to show exhaustive attempts to locate the defendant, for it is generally

18 recognized that service by publication rarely results in actual notice."  *Watts v. Crawford,*

19 896 P.2d 807, 811 n.5 (Cal. 1995) (citation and internal quotation marks omitted).

20 Accordingly, "[t]he term 'reasonable diligence' . . . denotes a thorough, systematic

21 investigation and inquiry conducted in good faith by the party or his agent or attorney."  *Id.*

22 (citations omitted).   However, "[a] number of honest attempts to learn defendant's

23 whereabouts or his address by inquiry of relatives, . . . and by investigation of appropriate

24 city and telephone directories, voter registries, and assessor's office property indices

25 situated near the defendant's last known location, generally are sufficient."  *Id.* (citations

26 omitted).

27     Moreover, a party requesting service by publication must show that a "cause of

28 action exists against the party upon whom service is to be made or he or she is a necessary

24-CV-2130 JLS (DTF)

1 | or proper party to the action." Cal. Civ. Proc. Code § 415.50(a)(1). Such a showing must

2 | be made by "independent evidentiary support, in the form of a sworn statement of facts."

3 | *Cummings v. Brantley Hale*, No. 15-cv-04723-JCS, 2016 WL 4762208, at *2 (N.D. Cal.

4 | Sept. 13, 2016) (quoting *McNamara v. Sher*, No. 11-CV-1344-BEN WVG,

5 | 2012 WL 760531, at *4 (S.D. Cal. Mar. 8, 2012)).

6 | ### ANALYSIS

7 | Having once before rejected Plaintiff's request, the Court is now assured that

8 | Plaintiff has satisfied Section 415.50(a) of the California Civil Procedure Code, thus

9 | unlocking service by publication as an available option for serving process on Defendants.

10 | While the Court previously found that Plaintiff had exercised reasonable diligence in

11 | serving Selan, it now finds that Plaintiff has exercised reasonable diligence in serving both

12 | Defendants. And whereas the Court previously found Plaintiff's evidentiary support

13 | regarding the existence of a cause of action fatally lacking, Plaintiff has rectified that

14 | oversight in its Renewed Motion.

15 | Plaintiff's efforts to serve Selan are detailed in the Court's prior Order denying

16 | Plaintiff's first request to serve by publication and need not be repeated here. *See* Order

17 | at 2. It suffices to say that the Court's prior conclusion that Plaintiff had exercised

18 | reasonable diligence to serve Selan remains valid in light of the extensive efforts taken by

19 | Plaintiff to locate all possible known addresses where Selan could potentially be found.

20 | *See id.* at 5.

21 | As for Defendant UHG, the Court is likewise now persuaded that Plaintiff has

22 | exercised reasonable diligence to effect service. Previously, the Court noted that Plaintiff

23 | had "tried to serve Defendant UHG only twice," both times sending a process server to the

24 | principal address listed on Defendant UHG's Articles of Incorporation in Sheridan,

25 | Wyoming. *See id.* at 5–6. Although that "address turned out not to be the registered agent

26 | of service for Defendant UHG," the Court determined that neither of the two attempts

27 | "seem[ed] likely to truly give notice to Defendant UHG," *id.* at 6, so Plaintiff was ordered

28 | to make further service attempts or to offer a more detailed justification for why further

1   attempts would be futile.  Plaintiff has now adequately done so.

2          In a declaration filed by Plaintiff's counsel alongside the Renewed Motion, Plaintiff

3   adds context to its service attempts on Defendant UHG, asserting that the principal address

4   listed on Defendant UHG's Articles of Incorporation was "used by many individuals

5   seeking to defraud the public in different ways," thus frustrating plaintiffs' efforts to serve

6   process on those individuals.  Second Declaration of Kenneth L. Wilton ("Wilton Decl.")

7   ¶ 10, ECF No. 11-2.  Supporting this assertion are multiple articles in the Sheridan Press—

8   a news periodical located in Sheridan, Wyoming—narrating how the principal address

9   operates as "a front" for thousands of sham businesses.  *Id.* ¶ 9 (citing ECF No. 11-3

10  at 6–15).  Plaintiff's counsel then clarifies that, even after the two service attempts at the

11  fraudulent Sheridan, Wyoming address, he directed a process server to make an additional

12  attempt at the San Ysidro, California PostalAnnex box registered to Selan, though that

13  attempt was also unsuccessful.  *Id.* ¶ 21.  This final attempt, Plaintiff argues, can be credited

14  as a service attempt on Selan both in her individual capacity and simultaneously in her

15  capacity as a registered agent for Defendant UHG.  Mem. at 5–6 (first citing *Pierce v.*

16  *Jardine Constr. Co.*, No. 23-cv-9183-MWF, 2024 WL 1680095, at *2 (C.D. Cal. Mar. 4,

17  2024); and then citing *GS Holistic, LLC v. Bubbles Smoke Shop*, No. 23-cv-3391-MWF,

18  2023 WL 6787773, at *2 (C.D. Cal. Sept. 5, 2023)).  In light of this newly presented

19  evidence and argument, the Court now agrees that Plaintiff has exercised reasonable

20  diligence with respect to Defendant UHG.

21         Finally, whereas Plaintiff had previously failed to provide independent evidentiary

22  support from a witness with personal knowledge attesting to the existence of a cause of

23  action, such error has been remedied.  Attached to its Renewed Motion is a sworn

24  declaration by Linhda Nguyen, Deputy General Counsel for UnitedHealth Group

25  Incorporated.  *See* Declaration of Linhda Nguyen ("Nguyen Decl."), ECF No. 11-4.

26  Nguyen, in her declaration, states on personal knowledge that Plaintiff has continuously

27  used its trademarks and trade name in interstate commerce for several decades in

28  connection with certain healthcare services, *id.* ¶ 5, but that Defendants' use of identical

marks and an identical name have already resulted in at least two instances of actual confusion, *id.* ¶¶ 14–15. In both instances, according to Nguyen, a third-party plaintiff in unrelated lawsuits confused Plaintiff with Defendant UHG and mistakenly served process on Selan under the false impression that Selan was Plaintiff's registered agent. *See id.* ¶¶ 16–17. Nguyen's declaration persuasively demonstrates that a cause of action exists against Defendants. *See Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1247 (9th Cir. 2013) (articulating the elements of a trademark infringement claim).

## CONCLUSION

Satisfied that Plaintiff is entitled to proceed via service by publication, the Court **GRANTS** Plaintiff's Renewed Motion for Leave to Serve Defendants via Alternative Means ("ECF No. 11). Given Defendants' ostensible connection with San Diego County by virtue of Selan's previously rented box at a San Ysidro PostalAnnex, the Court endorses Plaintiff's proposal of service by publication in the San Diego Union-Tribune. Accordingly, the Court **ORDERS** Plaintiff to serve Defendants by publication by publishing a copy of the Complaint (ECF No. 1) and Summons (ECF No. 5) in the San Diego Union-Tribune in accordance with the procedures prescribed by California Government Code Section 6064. Plaintiff **SHALL** commence the publication process within twenty-one (21) days of the date on which this Order is electronically docketed, and Plaintiff **SHALL** file proof of service within fourteen (14) days of completion of that process. *Failure to serve Defendants by publication within the timeline allotted above may result in the dismissal of this action, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b)*. *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890–91 (9th Cir. 2019) (explaining that courts may dismiss an action under Rule 41(b) for failure to comply with a court order).

**IT IS SO ORDERED.**

Dated: August 26, 2025

Hon. Janis L. Sammartino
United States District Judge

6

24-CV-2130 JLS (DTF)